UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM GEE,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>HANNIE HENDROFFE,<br><br>　　　　　　　Respondent. | 2:13-cv-01582-JCM-NJK<br><br>**O R D E R** |

Before the Court is the question of whether this Court has subject matter jurisdiction. The Court has reviewed the papers on this matter and finds this issue is appropriately resolved without oral argument. Local Rule 78-2.

**BACKGROUND**

On August 30, 2013, Petitioner filed his Petition for return of Children and Motion Warrant in Lieu of Habeas Corpus in the United States District Court for the District of Nevada. Docket Nos. 1 and 2. The Court promptly set a hearing on the matter for September 4, 2013. Docket No. 10.

At the September 4, 2013, hearing, the Court raised the issue of whether it had subject matter jurisdiction over this litigation. *See* Docket No. 17. As neither party had briefed or considered the issue, the Court continued the hearing to September 6, 2013. *Id*. The Court ordered Petitioner to meet his burden of establishing jurisdiction and ordered Respondent to provide her airline ticket or other evidence to her Nevada attorney, which indicated when she left Las Vegas, Nevada, for Malaysia. *Id*. The Court also ruled at that time that respondent could not

1    be represented by her Australian counsel, Mr. Michael Paul, in this matter because he was not
2    admitted to practice law in the United States. *Id*.

3          On September 5, 2013, Respondent filed a Motion for Dismissal in which she stated that
4    she was not served with the Petition until September 4, 2013, and that she and the children left
5    the state of Nevada on August 27, 2013, and left the United States on August 31, 2013. Docket
6    No. 20, at 1. Respondent attached an email from Petitioner's counsel's office which informed her
7    of the September 4, 2013, hearing and provided her with a copy of the Petition as well as this
8    Court's order setting the hearing. *Id*. at 3.  Respondent also attached a debit card statement for a
9    card which was used in California as early as August 27, 2013, and copies of the airline tickets
10   she and the two children used to fly from Los Angeles, California to Malaysia on August 31,
11   2013. *Id.* at 4-9.

12         Shortly after Respondent filed her motion on September 5, 2013,  Petitioner filed a
13   Motion Under Hague Convention for Entry of a Temporary Restraining Order and a UCCJEA
14   Warrant. Docket No. 21. Attached to his motion was an Affidavit signed by Respondent and
15   notarized in Las Vegas, Nevada at 10:30 a.m. on August 30, 2013. *Id*. at 4, 34-51.

16         On September 6, 2013, prior to the hearing, Respondent filed a Declaration of Yasmin
17   Acevedo, a friend of Respondent since 2011, who lives in Las Vegas. Docket No. 24. According
18   to the Declaration, Ms. Acevedo accompanied Respondent and the two children to California on
19   August 27, 2013, where they visited some family friends and local attractions. *Id*. Thereafter, Ms.
20   Acevedo represents, on August 30, 2013, Respondent returned to Las Vegas to attend to some
21   legal matters while she and the children stayed in California. *Id*. Ms. Acevedo concludes that she
22   accompanied Respondent and the Children to the airport for their departure to Malaysia. *Id*.

23         At the September 6, 2013, hearing, Respondent's Australian counsel, Mr. Paul, again
24   requested an opportunity to speak on respondents behalf or, alternatively, to stay on the
25   telephonic conference call as a spectator. Docket No.25. The Court denied Mr. Paul's request to
26   represent Respondent and again explained that he is not licenced to practice in this Court. *Id*. The
27   Court granted Mr. Paul's request to listen to the hearing as a spectator on the grounds that the
28   hearing was open to the public; however, the Court warned Mr. Paul that he would lose the

1  privilege to listen telephonically if he attempted in any way to represent Respondent. *Id*. The
2  Court then turned to the jurisdictional issue and determined that additional briefing and an
3  evidentiary hearing on jurisdiction may be necessary. Id. The Court ordered Petitioner to brief the
4  issue no later than September 13, 2013; Respondent to respond no later than September 20, 2012;
5  and Petitioner to reply no later than September 25, 2013. *Id*.  The Court set an evidentiary
6  hearing concerning jurisdiction for October 8, 2013, and ordered all parties, including the
7  children, present in person at the hearing. *Id*.

8  On September 13, 2013, Petitioner filed a Memorandum of Law in Support of Motion for
9  Entry of Temporary Restraining Order and a UCCJEA Warrant, in which he argues that this
10 Court has subject matter jurisdiction and is the proper venue for this action. Docket No. 27.  On
11 September 20, 2013, Respondent filed a Motion to Dismiss in which she argues, among other
12 things, that this Court does not have jurisdiction over this case and is not the proper venue.
13 Docket No. 29.

## **DISCUSSION**

15 The Hague Convention was implemented by Congress through the International Child
16 Abduction Remedies Act ("ICARA"), and was designed to address the problem of parental
17 international child abduction. *Von Kennel Gaudin v. Remis*, 282 F.3d 1178, 1181-82 (9th Cir.
18 2002); *citing* art. 1., 19 I.L.M. at 1501; *Mozes v. Mozes,* 239 F.3d 1067, 1069-70 (9th Cir.2001);
19 *Shalit v. Coppe,* 182 F.3d 1124, 1127 (9th Cir.1999). Relevant to this proceeding, both the
20 United States and South Africa are signatories to the Hague Convention.

21 In the United States, a judicial proceeding under the Convention is commenced by filing a
22 petition for relief in the place where the child is located at the time the petition is filed.

> Any person seeking to initiate judicial proceedings under the Convention for the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed.

42 U.S.C.A. § 11603.

As the Ninth Circuit has recognized, "located" has a particular meaning in the context of

ICARA, distinct from "a traditional residency test." *Holder v. Holder*, 305 F.3d 854, 869 (9th Cir. 2002) *n. 5; citing Lops v. Lops,* 140 F.3d 927, 937 (11th Cir.1998). It means "the place where the abducted children are discovered," and is more equivalent to the concept of physical presence. *Id.*; *citing Lops*, 140 F.3d at 937. "This kind of common-sense definition makes sense in the context of the ICARA and the Hague Convention, concerned as they are with the Hague Convention's consistent application across borders." *Id.*; *see also* 42 U.S.C. 11601(b)(1)(B).

Here, the evidence shows that once Petitioner discovered that the Children were in Las Vegas, and that Respondent likely did not intend to return to South Africa with the children,[1] he promptly filed his petition for return of the children. Under the *Holder/Lops* common sense definition of "located" and in light of the Convention's purpose of providing an "expeditious avenue" for seeking return of children, this is sufficient to establish jurisdiction.

Respondent's contention that the children were in California with Ms. Acevedo on or around August 27, 2013, is irrelevant because Petitioner had no knowledge of that alleged trip, the children were discovered in Las Vegas, and by Respondents own admission, the children had been located in Las Vegas from July 11 until at least August 27.  Further, the Court finds that Respondent's argument that the children were in California is not credible. The debit card statements provided by Respondent have no name attached to the card and the affidavit of Ms. Acevedo did not come until after Petitioner provided proof that Respondent was in Nevada on August 30, 2013. Additionally, the legal documents that Respondent signed and notarized in Law Vegas on August 30, 2013, are documents for an Australian legal action, and could have been signed and notarized in California as well. The Court finds that the evidence shows that the children were located in Nevada at the time the Petition was filed. Accordingly, the Court finds that it has jurisdiction over this matter and can determine this case on the merits.

. . .

---

[1] On July 11, 2013, Respondent emailed Petitioner that she was taking the children on vacation to the United States through August 9th or 10th. Docket No. 27, Exhibit 1. Thereafter, Respondent shipped all of her belongings to the United States and began filing motions in Clark County, Nevada in the Eight Judicial District Court - Family Division, and Nevada Family Court, requesting prior custody agreements between Petitioner and Respondent be set aside. *Id*. at 7-8; *see also* Exhibit 2.

- 4 -

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore, the Court finds that it has subject matter jurisdiction over this matter. Accordingly, the October 8, 2013, evidentiary hearing will concern Petitioner's Petition pursuant to the Convention on the Civil Aspects of International Child Abduction (Docket No. 21). The jurisdictional issue has already been resolved.

Further, the Court ORDERS that Petitioner, Respondent, and their two children must be present in court in person at the aforementioned hearing. There will be no exceptions to the personal appearance requirement.

IT IS SO ORDERED.

DATED this   22nd   day of September, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge