UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM GEE,

        Petitioner,

vs.

HANNIE HENDROFFE,

        Respondent.

2:13-cv-01582-JCM-NJK

**O R D E R**

Before the Court is Respondent's Motion to Appear Telephonically, Docket No 33. The Court has considered the Motion and finds this issue is appropriately resolved without oral argument. Local Rule 78-2.

**BACKGROUND**

On August 30, 2013, Petitioner filed his Petition for return of Children and Motion for Warrant in Lieu of Habeas Corpus in the United States District Court for the District of Nevada. Docket Nos. 1 and 2. The Court promptly set a hearing on the matter for September 4, 2013. Docket No. 10. The Court's Order specifically required Respondent to be present at the hearing. *Id*. On the day of the hearing, however, Respondent contacted the Court via telephone and indicated that she was no longer present in the United States of America. Docket No. 15. The Court, in an effort to not delay the hearing, allowed Respondent to appear telephonically. *Id*.

At the September 4, 2013, hearing, the Court raised the issue of whether it had subject matter jurisdiction over this litigation and ultimately continued the hearing to September 6, 2013. *See* Docket No. 17. At that time the Court also ruled at that time that Respondent could not

1  be represented by her Australian counsel, Mr. Michael Paul, in this matter because he was not
2  admitted to practice law in the United States. *Id*.

3        At the September 6, 2013, hearing, the Court ordered Petitioner to brief the jurisdictional
4  issue no later than September 13, 2013; Respondent to respond no later than September 20, 2012;
5  and Petitioner to reply no later than September 25, 2013. Docket No. 25. The Court set an
6  evidentiary hearing concerning jurisdiction for October 8, 2013, and ordered all parties, including
7  the children, present in person at the hearing. *Id*. Respondent told the Court that she understood
8  this requirement. *Id*.

9        On September 23, 2013, the Court determined that it had subject matter jurisdiction and
10 that a hearing on jurisdiction was not necessary. Docket No. 31. Accordingly, the Court ordered
11 that the October 8, 2013, evidentiary hearing will concern Petitioner's Petition for Judicial
12 Review, and Motion for Warrant, Docket Nos. 1 and 2, because the jurisdictional issue has
13 already been resolved. Docket No. 31.  The Court further ordered that Petitioner, Respondent,
14 and their two children must be present in court in person at the aforementioned hearing and that
15 there will be no exceptions to the personal appearance requirement. *Id*.

16       On September 30, 2013, Respondent filed the present Motion to Appear Telephonically
17 indicating that she is unable to appear in person and that the children are not mature enough to be
18 present in court. Docket No. 33.  Respondent states that Petitioner has not fulfilled his financial
19 obligations to her, she relies on her family for financial support, she cannot afford to live in
20 Australia or the United States, and, finally, she cannot afford an attorney in Nevada.[1] Docket No.
21 33. Respondent does not state that she cannot afford to travel to Las Vegas for the hearing. *Id*.

22 **<u>DISCUSSION</u>**

23    All federal courts are vested with inherent powers enabling them to manage their cases
24 and courtrooms effectively and to ensure obedience to their orders. *See Chambers v. NASCO,*
25 *Inc.*, 501 U.S. 32, 43-44 (1991).

26       Here, the Court has ordered Respondent to appear in person for the October 8, 2013,

27
28       [1]The Court will address Respondent's alleged inability to afford counsel in a separate order.

- 2 -

hearing in two separate orders. Docket Nos. 25 and 31. The first Order gave Respondent over a month to prepare her travel plans, Docket No. 25, yet she waited until one week before the hearing to request a telephonic appearance. Docket No. 33. Respondent has traveled to at least three different continents during the time relevant to this litigation, and the Court finds, again, that she must travel to Las Vegas to be present in person at the hearing.

Further, Respondent's assertion that the children are not mature enough to appear in court is of no consequence. The Court will make the determination at the time of the hearing as to whether the children are capable of testifying at the hearing and the children are required to be present in person.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Respondent's Motion to Appear Telephonically, Docket No 33, is DENIED.

IT IS FURTHER ORDERED that Petitioner, Respondent, and their two children must be present in court in person at the aforementioned hearing. THERE WILL BE NO EXCEPTIONS TO THE PERSONAL APPEARANCE REQUIREMENT.

IT IS SO ORDERED.

DATED this __1st__ day of October, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge