UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM GEE,  <br><br>            Petitioner,  <br><br>vs.  <br><br>HANNIE HENDROFFE,  <br><br>            Respondent. | 2:13-cv-01582-JCM-NJK  <br><br>**O R D E R** |

Before the Court is Respondent's Emergency Motion to Delay the Evidentiary Hearing or in the Alternative, Motion to Allow Respondentsthe Statutory Time to File Objections to this Court's "Order," Docket No 47. The Court has considered the Motion and finds this issue is appropriately resolved without oral argument. Local Rule 78-2.

### **BACKGROUND**

At the September 4, 2013, hearing, the Court raised the issue of whether it had subject matter jurisdiction over this litigation and ultimately continued the hearing to September 6, 2013. *See* Docket No. 17.  At the September 6, 2013, hearing, the Court ordered Petitioner to brief the jurisdictional issue and for Respondent to Respond. *Id*. The Court set an evidentiary hearing concerning jurisdiction for October 8, 2013, and ordered all parties, including the children, present in person at the hearing. *Id*.

On September 23, 2013, the Court determined that it had subject matter jurisdiction and that a hearing on jurisdiction was not necessary. Docket No. 31. Accordingly, the Court ordered that the October 8, 2013, evidentiary hearing will concern Petitioner's Petition for Judicial

1  Review, and Motion for Warrant, Docket Nos. 1 and 2, because the jurisdictional issue has been
2  satisfied. Docket No. 31.  The Court further ordered that Petitioner, Respondent, and their two
3  children must be present in court in person at the aforementioned hearing and that there will be
4  no exceptions to the personal appearance requirement. *Id*.[1]

5  On September 30, 2013, Respondent filed a Motion to Appear Telephonically indicating
6  that she was unable to appear in person and that the children are not mature enough to be present
7  in court. Docket No. 33.  On October 1, 2013, the Court denied that request and appointed a
8  Federal Public Defender to represent Respondent in this matter. Docket Nos. 35 and 36.

9  On October 3, 2013, Respondent filed a Motion to Continue the evidentiary hearing in
10 order to allow counsel to thoroughly evaluate the documents on file in this case and discuss the
11 litigation with Respondent. Docket No. 42. The Court denied that request on October 4, 2013.
12 Docket No. 46.

13 On October 7, 2013, Respondent filed the present motion, again seeking a delay of the
14 evidentiary hearing or, in the alternative, additional time to object to this Court's determination
15 that it has subject matter jurisdiction.  Docket No. 47.

16 **DISCUSSION**

17 Respondent objects to this Court's determination that the Court has subject matter
18 jurisdiction.  According to Respondent, a finding that subject matter jurisdiction exists in this
19 case is dispositive because it "in essence" denied Respondent's Motion for Dismissal. Docket
20 No. 47. However, Respondent's Motion for Dismissal is still pending and has not been ruled
21 upon by this Court. *See* Docket No. 29.[2] Further, Respondent has not cited any points and
22 authorities which indicate that finding subject matter jurisdiction is dispositive or in violation of

---

[1] The Court has ordered all parties present at the October 8, 2013, hearing numerous times, as early as September 6, 2013.

[2] Respondent previously filed an *Ex Parte* Motion to Dismiss, Docket No. 20, which the Court denied on procedure for not meeting the standards of an *Ex Parte* Motion. Docket No. 25. However, the Court expressly stated that Respondent could re-file her motion, which she did on September 20, 2013.

1  Fed.R.Civ.P. 72.³ To the contrary, a motion is dispositive when it terminates the litigation or
2  disposes of a claim. *See Bearden v. PNS Stores, Inc.*, 894 F. Supp. 1418, 1419 n. 1 (D. Nev.
3  1995) (finding a motion to remand for lack of jurisdiction was nondispositive because it did not
4  "terminate the litigation or dispose of any claim"); see also *Florence v. Stanback*, 607 F. Supp. 2d
5  1119, 1120 n.1  (C.D. Cal. 2009) (finding that Magistrate judge's order denying defendants'
6  motion to dismiss was not a dispositive order requiring magistrate judge to submit report and
7  recommendation to district judge).  Here, by finding subject matter jurisdiction, the Court
8  allowed this case to move forward and did not terminate the litigation nor dispose of any claim.
9  Therefore, the Court's Order was not dispositive.⁴

10  Further, even assuming, as Respondent contends, that the Magistrate Judge entered an
11  order purporting to determine a dispositive matter, the Court has the authority to ignore the form
12  of the decision and treat it as a Report and Recommendation. *Florence*, 607 F. Supp. 2d at 1122
13  *(citing See Lancer Arabians, Inc. v. Beech Aircraft Corp.,* 723 F.Supp. 1444, 1445-1446
14  (M.D.Fla.1989) (district court treated Magistrate Judge's decision granting motion to strike claim
15  for punitive damages as motion to dismiss and construed it as report and recommendation subject
16  to de novo review)).  Therefore, there is no reason for the undersigned Magistrate Judge to
17  withdraw the previous Order and replace it with a Report and Recommendation.

18  Finally, under Fed.R.Civ.P. 12, Respondent can raise subject matter jurisdiction at any

---

³Respondent cites to LR IB 1-4 for the proposition that a Magistrate Judge cannot determine jurisdiction. However, LR IB 1-4 references motions to dismiss and, as stated previously, Respondent's Motion to Dismiss is still pending before the Court.

⁴ The Court's first consideration in reviewing an action is whether the court has subject matter jurisdiction over an action. *Ashcroft v. Iqbal*, 556 U.S. 662, 671 129 S.Ct. 1937, 1945 (2009) (nothing that "subject matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt). *See also Tuner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991) ("[s]ubject matter jurisdiction ... is a threshold requirement which must be assured in every federal case").   "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985). *See also Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) (if parties fail to raise the issue of subject matter jurisdiction, the court must raise it *sua sponte*).  Additionally, the inquiry into whether a federal court has subject matter jurisdiction should be done at the "earliest stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 162 F.3d 405, 410 (11th Cir.2000).

1  time, including after the October 8, 2013, evidentiary hearing, which will not be continued.

2  **CONCLUSION**

3  Based on the foregoing, and good cause appearing therefore,

4  IT IS HEREBY ORDERED that Respondent's Emergency Motion to Delay the Evidentiary Hearing or in the Alternative, Motion to Allow Respondents the Statutory Time to File Objections to this Court's "Order," Docket No 47, is DENIED.

7  IT IS SO ORDERED.

8  DATED this __7th__ day of October, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge